# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60563
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

LISA ASHCRAFT; RANDY DANIEL ISAIAH ASHCRAFT,

Plaintiffs – Appellants

v.

CITY OF VICKSBURG; PAUL WINFIELD, individually and in his official capacity as Mayor of the City of Vicksburg; VICTOR GRAY–LEWIS, individually and in his official capacity as Director of Building & Planning for the City of Vicksburg; WALTER ARMSTRONG, in his official capacity as Commissioner of Police for the City of Vicksburg; JOHN DOLAN, individually and in his official capacity as Deputy Police Chief for the City of Vicksburg; TROY KIMBLE, individually and in his official capacity as Sergeant for the Vicksburg Police Department; LEONCE YOUNG, individually and in his official capacity as Officer for the Vicksburg Police Department; JOHN DOES 1-5; MILTON MOORE,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-176

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60563

Appellant Lisa Ashcraft appeals the district court's grant of summary judgment to Appellees Deputy Chief John Dolan, Mayor Paul Winfield, and the City of Vicksburg, Mississippi (collectively "Appellees").  Ms. Ashcraft filed a suit under 42 U.S.C. § 1983 against the Appellees, claiming that they targeted her for harassment in retaliation for her outspoken opposition to then Mayor Winfield.  The district court granted the Appellees' motions for summary judgment, finding that Ms. Ashcraft had not established a violation of her constitutional rights.  Ms. Ashcraft timely appealed the district court's judgment, arguing that the Appellees violated her First and Fourth Amendment rights when Mayor Winfield allegedly directed Deputy Chief Dolan to ticket Ms. Ashcraft for having an illegal out-of-state tag on her vehicle and when Deputy Chief Dolan subsequently conducted a traffic stop and issued two tickets to Ms. Ashcraft for her out-of-state driver's license and vehicle tag.  Ms. Ashcraft also asserts that the City of Vicksburg is vicariously liable for Mayor Winfield's retaliatory conduct, given his status as a city "policy-maker."

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court.  *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009).  Deputy Chief Dolan and Mayor Winfield seek qualified immunity on Ms. Ashcraft's claims against them in their individual capacities.  Qualified immunity protects public officials from "undue interference" and "potentially disabling threats of liability," *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), "unless their conduct violates a clearly established constitutional right," *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).  Thus, in order for a plaintiff to abrogate a public official's right to qualified immunity on summary judgment, the plaintiff must demonstrate that there is a genuine issue of material fact as to whether the official violated a clearly established constitutional right and show that the official's conduct was objectively unreasonable in light of clearly

established law at the time of the incident. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Chief Deputy Dolan is entitled to qualified immunity on Ms. Ashcraft's Fourth Amendment claim because she has failed to demonstrate that there is a genuine issue of material fact as to whether he violated her constitutional right when he conducted a traffic stop based on the out-of-state tag on Ms. Ashcraft's vehicle.  Mississippi law requires every state resident who operates a vehicle on Mississippi roads to have a valid Mississippi driver's license and vehicle tag.  *See* Miss. Code Ann. §§ 27-19-63, 27-19-131, 63-1-5, 63-1-7. Though Ms. Ashcraft claims to have been a resident of Pensacola, Florida, at the time of the traffic stop, Chief Deputy Dolan presented evidence that Ms. Ashcraft appeared to be a resident of Vicksburg: Ms. Ashcraft operated a business in Vicksburg; her business had been featured in the Vicksburg local paper; Chief Deputy Dolan had received a letter from an anonymous citizen complaining about Ms. Ashcraft and referencing her residence as being in Vicksburg; and he had personally seen her appear before the Vicksburg city board to complain about local issues.  Although Ms. Ashcraft was ultimately found not guilty of the charges against her for having an illegal out-of-state driver's license and illegal out-of-state tag, it is apparent from the evidence presented for summary judgment that at the time of the traffic stop Chief Deputy Dolan had "a reasonable and articulable suspicion" that Ms. Ashcraft was operating her vehicle on Mississippi roads in violation of state law.  *See United States v. Jenson*, 462 F.3d 399, 403 (5th Cir. 2006) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).  In sum, Chief Deputy Dolan did not violate Ms. Ashcraft's Fourth Amendment right to be free from unreasonable seizure because he conducted a valid *Terry* stop based on his reasonable suspicion that Ms. Ashcraft was a Mississippi resident continuing to drive with an out-of-state driver's license and out-of-state vehicle tag in

violation of state law.  Furthermore, we are hard-pressed to find that Chief Deputy Dolan's alleged misconduct violated Ms. Ashcraft's First Amendment rights because Ms. Ashcraft has not demonstrated that she had a clearly established "right" to be free from a retaliatory arrest that was otherwise supported by probable cause.  *See Reichle v. Howards*, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985, 80 U.S.L.W. 4405 (2012) (holding that a "First Amendment right to be free from a retaliatory arrest that is supported by probable cause" has never been a clearly established right).

Likewise, Mayor Winfield is entitled to qualified immunity on Ms. Ashcraft's constitutional claims because she has not demonstrated that her traffic stop, for which she blames Mayor Winfield, was constitutionally invalid.  To the extent that Mayor Winfield did issue a retaliatory directive for Chief Deputy Dolan to ticket Ms. Ashcraft, Ms. Ashcraft has failed to demonstrate that Chief Deputy Dolan was not legally justified in executing the subsequent traffic stop for her out-of-state vehicle tag.  Mayor Winfield's alleged conduct, without a resulting violation of Ms. Ashcraft's constitutional rights, does not abrogate his qualified immunity under these circumstances.

Lastly, because we find that Chief Deputy Dolan's traffic stop was valid and that neither his actions nor those of Mayor Winfield violated Ms. Ashcraft's constitutional rights, the City of Vicksburg cannot be held vicariously liable under § 1983 for Ms. Ashcraft's alleged injury.  *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 674 F.3d 849, 866-67 (5th Cir. 2012).

Accordingly, we AFFIRM the judgment of the district court.